B. FLETCHER, Circuit Judge,
concurring in part and dissenting in part:
I concur in Parts I and II of the majority’s opinion, which unequivocally establish that the prosecution withheld and suppressed material that was favorable to the defense, in violation of Brady and Giglio, and that these suppressions undeniably prejudiced Kohring. I respectfully dissent, however, from Part III. Because this case exemplifies “flagrant prosecutorial misconduct,” United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir.2008), I would have this court exercise its supervisory authority to dismiss the Superceding Indictment with prejudice.
“A court may dismiss an indictment under its supervisory powers only when the defendant suffers ‘substantial prejudice’ and where ‘no lesser remedial action is available.’ ” Id. at 1087 (internal citations omitted). Both conditions are satisfied here. The majority opinion clearly establishes the substantial prejudice Kohring has suffered as a result of the prosecution’s misconduct in this case. And, as discussed below, the prosecution’s unrepentant attitude indicates that no lesser remedial action will be effective.
A court may exercise its supervisory power “to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct.” *914 United States v. Simpson, 927 F.2d 1088, 1090 (9th Cir.1991), abrogated on other grounds as recognized by United States v. W.R. Grace, 526 F.3d 499, 511 n. 9 (9th Cir.2008). Each of these considerations is relevant in this case.
First, as detailed in the majority’s opinion, the prosecution’s Brady/Giglio offenses violated Kohring’s due process right to a fair trial. See Chapman, 524 F.3d at 1086 (observing that Brady violations “are just like other constitutional violations” and may justify the dismissal of an indictment “when the prosecution’s actions rise ... to the level of flagrant prosecutorial misconduct”). Furthermore, the prosecution’s misconduct is an affront to the integrity of our system of justice. The prosecution failed to disclose thousands of pages of material documents — including FBI reports, memoranda, and police reports— until after Kohring’s conviction. Even then, the prosecution failed to fulfill its disclosure obligations, turning over the previously undisclosed documents only after the defense filed a Brady motion.
I disagree with the majority’s conclusion that the prosecution’s conduct does not amount to flagrant, willful bad-faith misbehavior. See Maj. Op. at 912. Our court has “never suggested ... that ‘flagrant misbehavior’ does not embrace reckless disregard for the prosecution’s constitutional obligations.” Chapman, 524 F.3d at 1085. Here, the record is replete with such reckless disregard. To cite just two examples: The late-disclosed information establishes that the prosecution was aware of the Anchorage Police Department’s investigation into Allen’s sexual misconduct, long before Kohring’s trial began. It also indicates that Allen and Smith had wildly differing recollections as to how much money they allegedly gave to Kohring. This information undermines the prosecution’s star witness and goes to the heart of the charges brought against Kohring. The prosecution’s failure to timely disclose this information amounts to a reckless disregard for its constitutional obligations under Brady/Giglio.
Despite these egregious violations of basic prosecutorial responsibilities, the prosecution insists that Kohring’s trial was justly conducted and his conviction fairly obtained. The prosecution’s refusal to accept responsibility for its misconduct is deeply troubling and indicates that a stronger remedy is necessary to impress upon it the reprehensible nature of its acts and omissions. See Chapman, 524 F.3d at 1087 (“[W]e [have] made clear that in determining the proper remedy for prosecutorial misconduct, we must consider the government’s willfulness in committing the misconduct and its willingness to own up to it.” (quoting United States v. Kojayan, 8 F.3d 1315, 1318 (9th Cir.1993) (punctuation omitted))). In this case, dismissal of the Superceding Indictment is justified not only as a deterrent but to release Kohring from further anguish and uncertainty.
I understand, as noted by the majority, that the government undertook certain after-the-fact amends, such as corrective action within the Public Integrity Section, installing a new prosecution team, and withdrawing its opposition to Kohring’s request to be released on bail pending resolution of our remand to the district court. None of these actions, however, cure what happened to Kohring during his trial. I feel strongly that, if one looks closely at what is actually at stake in this case— ensuring a fair trial for Victor Kohring— the government has failed to make proper amends. For these reasons, I would exercise our supervisory authority to dismiss the Superceding Indictment with prejudice.